The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Defendant-employer is self-insured with Alexsis, Inc. serving as the servicing agent.
4. Plaintiff's average weekly wage is set forth on the Form 22 (wage chart).
5. Plaintiff is alleging an injury by accident on 21 February 1995 resulting in an injury to the right knee.
6. Defendant-employer has denied liability.
7. Plaintiff is seeking temporary total disability benefits from 21 February 1995 through 12 August 1995 less what he earned in the meantime, medical expenses, and a five percent permanent disability rating.
8. The issue to be determined by the Commission is whether plaintiff in fact suffered from an injury by accident as alleged.
9. The parties have stipulated to medical records from Dr. Guiteras, medical records of Dr. Lincoln, an injury investigation report dated 21 February 1995 filled out by plaintiff as testified to at the hearing (noting an injury date of 15 November 1994), and a one page letter of Jeffery Jones, the operations manager for Federal Express in Raleigh, dated 14 December 1995.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the hearing plaintiff stated that on 21 February 1995 he lifted a package from a belt and felt pain in his right knee. Plaintiff stated that as he lifted the package it weighed more than the label indicated and pulled him to the floor causing him right knee pain. At the time the plaintiff alleges to have been injured he had been working with Federal Express for approximately five years.
2. The Injury Investigation Report stipulated into evidence at the hearing which was completed by the plaintiff on 21 February 1995 discredits and contradicts plaintiff's statement and testimony concerning the injury. This particular form states that plaintiff's injury allegedly occurred on 15 November 1994 and related to pain in the left side of his stomach, right knee, and lower and high back. Plaintiff related this to a previous hernia situation and did not indicate a specific incident or accident on 21 February 1995 causing this pain.
3. Along with the Injury Investigation Report noted above, Dr. Guiteras' note of 3 February 1995 notes that "Mike complains of 1-2 month history of gradually increasing right knee pain. He has had no prior knee problem or knee injury." Dr. Guiteras diagnosed plaintiff with possible chondromalacia of the patella and referred him to Dr. Lincoln.
4. Dr. Lincoln's note of 30 March 1995 reflects "This 24 year-old sustained an injury either August or September, 1994." Dr. Lincoln's impression was a strain to the right knee.
5. Neither plaintiff's Injury Investigation Report or his reports to Dr. Guiteras or Dr. Lincoln corroborate the alleged injury date of 21 February 1995. Both Dr. Guiteras' and Dr. Lincoln's records reflect difficulties plaintiff was having with his knee prior to February of 1995 which would clearly predate the alleged injury date of 21 February 1995.
6. Plaintiff did not sustain an injury by accident to his right knee arising out of or within the course of his employment with defendant-employer on 21 February 1995.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff did not sustain an injury by accident arising out of or in the course of his employment he is not entitled to benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
2. Since plaintiff did not carry the burden of proof that he suffered an injury by accident he cannot prevail.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the 5th day of August, 1997.
 S/ _____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
S/ _____________ PHILLIP HOLMES DEPUTY COMMISSIONER
DCS:jmf